IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Sue Andrus,<br><br>Plaintiff,<br><br>v.<br><br>Oconee County Public Library; Oconee County; and Blair Hinson, *in his individual capacity*,<br><br>Defendants. | C/A No. 8:25-cv-07491-DCC-PJG<br><br>**ORDER** |

This matter is before the Court upon Defendants' motion for judgment on the pleadings as to Plaintiff's third cause of action. ECF No. 24. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to United States Magistrate Judge Paige J. Gossett for pretrial proceedings and a Report and Recommendation ("Report"). The Magistrate Judge issued a Report recommending that Defendants' motion be granted. ECF No. 36. Plaintiff filed objections to the Report, and Defendants filed a reply. ECF Nos. 38, 39.

## I. APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Id.* The Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge or

recommit the matter to the Magistrate Judge with instructions. *Id.* The Court will review the Report only for clear error in the absence of an objection. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks and citation omitted)).

## II. ANALYSIS

As an initial matter, the Court finds that the Magistrate Judge has provided a thorough recitation of the relevant facts and applicable law, which the Court incorporates by reference. Because Plaintiff has filed objections to the Report, the Court's review has been de novo. *See* ECF No. 38.

Plaintiff filed this lawsuit against Defendants, her former employer and supervisor, alleging that she was wrongfully terminated from her position in retaliation for her support of LGBTQ+ rights. *See* ECF No. 1-1 at 5–14. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; 42 U.S.C. § 1983; and South Carolina common law. ECF No. 1-1 at 4, 14–21. Defendants' motion for judgment on the pleadings relates to Plaintiff's state law claim for wrongful discharge in violation of public policy. ECF No. 24. The Magistrate Judge determined this claim was unavailable to Plaintiff due to the existing and corresponding remedy available to her under 42 U.S.C. § 1983 and, thus, recommends granting Defendants' motion. Plaintiff objects to this determination and argues that because the underlying authorities for her public policy claim are silent as to a remedy for unlawful discharge, she is entitled to proceed on the public policy claim. ECF No. 38 at 2–4. Secondarily, Plaintiff contends that dismissal of

her claim is disfavored because her claim rests on unsettled law. *Id.* at 5. Upon de novo review of the record, the Report, and the applicable law, the Court agrees with and adopts the Magistrate Judge's recommendation.

South Carolina law generally recognizes that "[a]n at-will employee may be terminated at any time for any reason or for no reason, with or without cause." *Barron v. Lab. Finders of S.C.*, 713 S.E.2d 634, 636 (S.C. 2011). However, the Supreme Court of South Carolina has carved out a "public policy exception" to this doctrine, which permits an at-will employee to sue his or her employer if (1) the employee was discharged in clear violation of the state's public policy and (2) the employee does not have an existing statutory remedy for the alleged wrongful termination. *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213, 216 (S.C. 1985); *Barron*, 713 S.E.2d at 636–37. Plaintiff primarily relies on S.C. Code Ann. § 16-17-560 for the public policy mandate to support her claim. *See* ECF No. 38. This state statute provides it is unlawful to "discharge a citizen from employment or occupation . . . because of political opinions or the exercise of political rights and privileges guaranteed to every citizen by the Constitution and laws of the United States or by the Constitution and laws of [South Carolina]." However, as stated above, South Carolina's public policy exception does not "extend to situations where the employee has an existing statutory remedy for wrongful termination." *Barron*, 713 S.E.2d at 637; *see also Stiles v. Am. Gen. Life Ins. Co.*, 516 S.E.2d 449, 452 (S.C. 1999) (Toal, J., concurring) (explaining the public policy exception "is not designed to overlap an employee's statutory . . . rights to challenge a discharge, but rather to provide a remedy for a clear violation of public policy where no other reasonable means of redress exists").

As the Magistrate Judge correctly determined, Plaintiff has an existing and corresponding remedy for her alleged wrongful discharge, which she is pursuing, under § 1983. *See Bauer v. Summey*, 568 F. Supp. 3d 573, 603 (D.S.C. 2021) ("The United States Supreme Court has recognized § 1983 as a viable method for aggrieved public at-will employees to bring claims for damages from employment decisions that violate the United States Constitution." (citing *Rutan v. Republican Party of Illinois*, 497 U.S. 62 (1990))); *see also Moshtaghi v. The Citadel*, 443 S.E.2d 915, 919 (S.C. 1994) (recognizing the South Carolina Constitution provides the same protections as the United States Constitution in regard to freedom of speech). Therefore, South Carolina's public policy exception is not available to Plaintiff. *See Dockins v. Ingles Markets, Inc.*, 413 S.E.2d 18, 19 (1992) (explaining when a federal or state statute "creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy"); *Bouknight v. KW Assocs., LLC*, No. 3:16-cv-00210-CMC, 2016 WL 3344336, at *3 (D.S.C. June 16, 2016) (explaining "to the extent challenged actions fall within the scope of a state or federal statutory anti-retaliation provision, they may not be pursued through [South Carolina's public policy exception] because there is another form of redress"); *see also Epps v. Clarendon Cnty.*, 405 S.E.2d 386, 387 (S.C. 1991) (declining to extend the public policy exception where the plaintiff-employee alleged he was terminated based on political association for which a § 1983 claim was available); *Strong v. Charleston Cnty. Sch. Dist.*, No. 2:22-cv-01712-BHH, 2023 WL 2042169, at *2 (D.S.C. Feb. 16, 2023) (finding § 1983 was an "existing statutory remedy that bar[red the plaintiff] from alleging that her discharge violated her constitutional rights under [South Carolina's] public policy exception").

## III. CONCLUSION

Accordingly, upon review, the Court agrees with the recommendation of the Magistrate Judge, adopts the Report, and incorporates it by reference. Defendants' motion for partial judgment on the pleadings [24] is **GRANTED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 10, 2026
Spartanburg, South Carolina